IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, <br>     Plaintiff, <br><br> v. <br><br> ANTHONY S. MUHARIB, INDIVIDUALLY AND DOING BUSINESS AS ONLINE BONDS AND SHARON CHU, <br>     Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO: _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, United States Fire Insurance Company (**"Plaintiff" or "US FIRE"**), files this Original Complaint against Defendants, Anthony S. Muharib individually and doing business as Online Bonds (**"Muharib"**) and Sharon Chu (**"Chu"**) (collectively, **"Defendants"**). In support thereof, Plaintiff would show the Court the following:

## PARTIES

1.   Plaintiff United States Fire Insurance Company is a surety company that is domiciled and duly organized under the laws of the State of Delaware, and which has a principal place of business in the State of New Jersey. US FIRE is authorized to conduct business in Texas.

2.   Defendant Anthony S. Muharib is a citizen of the State of Texas and an individual residing in Harris County, Texas. Muharib does business as Online Bonds. Anthony S. Muharib may be served at 4723 Ivanhoe St., Houston, Texas 77027 or wherever he may be found.

3. Defendant Sharon Chu is a citizen of the State of Texas, and an individual residing in Harris County, Texas. Sharon Chu may be served at 4723 Ivanhoe St., Houston, Texas 77027 or wherever she may be found.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because there is complete diversity of parties and the amount in controversy exceeds $75,000, being the minimum jurisdictional limits of this Court.

5. Venue is proper because the Producer Underwriting Agreement designates Houston, Texas as the venue and because a substantial part of the events or omissions giving rise to the claims occurred in this district under to 28 U.S.C. § 1391(b)(2). Muharib was a producer in Houston, Texas. Chu was an indemnitor in Houston, Texas. Moreover, Muharib issued bonds in Houston, Texas.

## FACTS

6. This lawsuit seeks to enforce US FIRE's rights under its agreement with Defendants concerning the bail bond business. On or about April 18, 2019, US FIRE entered into a Producer Underwriting Agreement ("Agreement") with Muharib, individually and doing business as Online Bonds, as Producer and Chu as Indemnitor. US FIRE and Defendants entered into three subsequent addendums to the Agreement. See **Exhibit "A"**. Pursuant to the terms of the Agreement, Muharib operated as a bail bond producer, both Muharib and Chu were indemnitors, and US FIRE functioned as an authorized surety for such bonds.

7. Unlike traditional insurance company/producer relationships, producers in the bond business, like Muharib, enjoy the benefit of keeping the majority of the premium

paid on each bond written. As such, and due to the nature of the bail business, the insurance company delegates a great deal of authority to and responsibility with the producer. Because of the significant amount of premium retained, producers and indemnitors, like Defendants, contractually agree to assume the risk associated with the bond business, including payment of bond forfeiture judgments.

*Relevant Terms of the Agreement.*

8. Under the Agreement, Muharib and Chu unconditionally guaranteed, and agreed to be bound to US FIRE for full and complete payment and performance by Producer of all the provisions, conditions and covenants in the Producer Underwriting Agreement. As such, Defendants acknowledged and agreed to be solely responsible for the satisfaction of all bond forfeitures to US FIRE and agreed to timely pay any and all cost assessments imposed by any court for bond exoneration, and for the payment of any and all judgments and interest/court costs entered on bonds supplied by US FIRE. **See Exhibit A, §§1 and 9**.

9. Defendants acknowledged and agreed to indemnify and hold US FIRE harmless for 100% of liability written by Muharib. Defendants further agreed to indemnify and hold US FIRE harmless for 100% of all reasonable costs, expenses, and liabilities that US FIRE may sustain or incur in connection with Muharib's performance of his bail bond business and the subject matter of the Agreement. Such liabilities might include, but were not limited to, bond forfeitures, attorneys' fees, accountants' fees, experts' fees, collection fees, trial preparation expenses, court costs, penalties, judgments, judgment execution expenses, and the like. In the event Muharib breached the Agreement, Defendants were required to indemnify US FIRE for all damages, losses, injuries, costs,

expenses, and liabilities, including but not limited to attorneys' fees. **See Exhibit A, §§16, 17.**

*Failure to Return Bond Powers.*

10. US FIRE terminated its Agreement with Muharib and Chu by letter dated August 16, 2022. **See Exhibit B**. Upon termination, Muharib could "no longer solicit, distribute and/or execute [US FIRE] bail bonds." **Exhibit A, §28**. Further, Muharib held the bond powers in trust for US FIRE after termination. **Exhibit A, §4**. Upon demand, Muharib was obligated to "immediately surrender or deliver to [US FIRE] …any and all unused powers of attorney." **Exhibit A, §28**. Muharib was also obligated to make full premium remittance on the maximum denomination of each bond not accounted for by him. *Id.*

11. At termination of the Agreement, Muharib held an inventory of 267 bond powers of various denominations totaling $6,315,000 in maximum denomination. These bond powers had never been reported to US FIRE by Muharib as used. In its termination letter, US FIRE demanded that Muharib return the bond powers pursuant to his contractual obligations under the Agreement. **Exhibit B.** Despite this and subsequent demands, Muharib failed and refused to return the bond powers. Muharib was obligated under his Agreement to remit to US FIRE a total of .7% of the maximum bond amount on unreported and unreturned bond powers as premium. **Exhibit A, §4**. Because the unreturned bond powers represent $6,315,000 of maximum liability, Muharib owes US FIRE **$44,205.00** in bond premium on the unreported and unreturned bond powers.

***Bond Forfeiture Liabilities.***

12. Defendants assumed full responsibility for bond forfeitures; investigation of bond principals and prospective bond principals; negotiation, settlement, and/or satisfaction of claims against Muharib by bond principals, courts, and/or others; and/or any and all other matters of bond administration. **Exhibit A, §9.** Muharib issued a number of bonds which have been, or are currently, in forfeiture judgment status with the potential for more in the future as there are outstanding bonds executed but not exonerated. US FIRE has demanded that Muharib satisfy the bond forfeiture judgments but he failed to do so. As the surety under the bail bonds, US FIRE has liability to Harris County to pay bond forfeiture judgments under the terms of each bond. Harris County has demanded that US FIRE pay outstanding bond forfeiture judgments. US FIRE will be unable to post bail bonds if it fails and refuses to pay the bond forfeiture judgments. Given Muharib's failure and refusal to honor his contractual obligations to US FIRE, it had no choice but to pay the judgments. As of the date of this pleading, US FIRE has paid **$328,274.76** to discharge bond forfeiture judgments arising from bonds written by Muharib.

***Attorneys' Fees and Interest Under the Agreement***.

13. Additionally, in the event Muharib breached the Agreement, Defendants were required to indemnify US FIRE for all damages, losses, injuries, costs, expenses, and liabilities, including but not limited to attorneys' fees. Moreover, should any litigation related to the Agreement arise between the parties, the Agreement provides the recovery of attorneys' fees to the prevailing party.

14. Defendants' indebtedness to US FIRE shall bear interest at the maximum statutory rate allowed by law, calculated as simple interest on a monthly basis, and may be charged to Defendants directly.

## **CAUSES OF ACTION**

*Breach of Contract*

15. US FIRE incorporates the foregoing paragraphs as if fully stated herein.

16. Pursuant to the Agreement, Muharib agreed to be solely responsible for the satisfaction of all bond forfeitures to US FIRE and agreed to timely pay any and all cost assessments imposed by any court for bond exoneration, and for the payment of any and all judgments and interest/court costs entered on bonds supplied by US FIRE. Chu agreed to be responsible for the same losses as an indemnitor under the Agreement. Muharib breached the Agreement by failing to timely pay all bond forfeiture judgments on bonds written by him.

17. Defendants also agreed to indemnify US FIRE from any and all liability, costs or expenses arising from any bail bond powers of attorney supplied to Muharib by US FIRE. As such, Defendants have breached the Agreement by failing to indemnify US FIRE for bond forfeiture payments and other losses incurred under the Agreement.

18. US FIRE has performed all covenants, conditions, and promises to be performed on its part under the Agreement, including providing to Muharib bail bond powers of attorney to use to post bail for criminal defendants in compliance with the terms of the Agreement.

19. Pursuant to the Agreement, US FIRE is entitled to recover interest on all amounts paid from the date of payment through the date judgment is entered at the maximum rate allowed by law.

20. The Agreement provides attorneys' fees to the prevailing party in any litigation under the Agreement. Therefore, US FIRE seeks recovery of its attorneys' fees and costs pursuant to the express provisions of the Agreement under the express award of attorneys' fees to the prevailing party, as well as under the indemnification provisions of the Agreement, and Texas statutory law. All conditions precedent to recovery of attorneys' fees have been satisfied or waived.

21. As a direct and proximate result of Defendants' contractual breaches, US FIRE has suffered actual damages of **$328,274.76** for forfeiture judgments that US FIRE has paid on behalf of Muharib. Additionally, Defendants failed to report used bail bonds or failed to return unused bond powers which has resulted in damages to US FIRE for a total loss of premium equaling **$44,205.00**. Therefore, the total damages owed to US FIRE by Muharib and Chu equals **$372,479.76.**

*Indemnification*

22. US FIRE incorporates the foregoing paragraphs 1-14 as if fully stated herein.

23. Under the Agreement, Muharib and Chu agreed to indemnify and hold US FIRE harmless for all of the liability written by Muharib.

24. Additionally, Muharib and Chu agreed to indemnify and hold US FIRE harmless for all reasonable costs, expenses, and liabilities US FIRE may sustain or incur in connection with Muharib's performance of his bail bond business and the subject matter

of the Agreement, including attorney's fees.

25. US FIRE therefore seeks full and complete indemnity from Muharib and Chu for bond forfeiture payments and for bond premium on unreported and unreturned bond powers entrusted to Producer. US FIRE also seeks indemnification for its attorneys' fees, accountant fees, expert fees, investigator fees, collection fees, and all expenses and court costs of any kind incurred in connection with this legal proceeding.

26. As a direct and proximate result of the aforesaid breaches of the Agreement by Defendants, US FIRE has suffered losses of at least **$372,479.76, plus attorneys' fees and costs of this proceeding.**

*Breach of Fiduciary Duty*

27. US FIRE incorporates the foregoing paragraphs 1-14 as if fully stated herein.

28. Muharib is an agent to US FIRE, the principal under the Agreement. Muharib held bond powers and premiums in trust for US FIRE. Muharib owed US FIRE fiduciary duties in his bail bond business under the express terms of the Agreement as well as under Texas law arising from the relationship between the parties. Muharib breached his fiduciary duties to US FIRE in multiple ways. Muharib failed to pay bond forfeiture judgments on bonds he wrote, subjecting US FIRE to suspension of its right to conduct business in Harris County, Texas. Muharib failed to report bonds written by him in a timely manner or at all. Muharib failed to return bond powers he held in trust for US FIRE upon termination of the Agreement. As a direct result of Muharib's breaches of his fiduciary duty to US FIRE, it has been damaged in an amount of **$372,479.76.** Chu as

indemnitor is equally obligated to pay US FIRE for its losses from Muharib's breach of his fiduciary duty.

## **PRAYER**

For these reasons, Plaintiff United States Fire Insurance Company prays that Defendants Anthony S. Muharib and Sharon Chu be cited to appear and answer herein and that, on final trial, it has judgment against Defendants, jointly and severally, in the following respects:

a. actual damages in the minimum amount of **$372,479.76**;

b. all reasonable and necessary attorneys' fees;

c. pre-judgment interest through the date of judgment at the maximum rate allowed by law;

d post-judgment interest at the highest legal rate;

e. all costs of court; and

f. all such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**IRELAN MCDANIEL, P.L.L.C.**

/s/ Bradford W. Irelan
Bradford W. Irelan
State Bar No. 10411550
Federal Bar No. 13607
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Fax: (713) 222-7669
birelan@imtexaslaw.com

**ATTORNEYS FOR PLAINTIFFS**