United States District Court
Southern District of Texas
**ENTERED**
June 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-04121 |
| ANTHONY S MUHARIB, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff United States Fire Insurance Company's Amended Motion for Summary Judgment (Doc. #22), Defendants Anthony S. Muharib, individually and doing business as Online Bonds, and Sharon Chu's Response (Doc. #23), and Plaintiff's Reply (Doc. #24). Having considered the parties' arguments and the applicable legal authorities, the Court denies Plaintiff's Amended Motion for Summary Judgment.

**I.      Background**

Plaintiff United States Fire Insurance Company ("Plaintiff") is a bail bond surety company that underwrites bail bonds for people released from custody for violating criminal laws. Doc. #23 at 1. In April 2019, Defendant Anthony S. Muharib ("Muharib"), doing business as Online Bonds, executed a Producer Underwriting Agreement (the "Agreement"), with Muharib signing as the "Producer" and Plaintiff as the "Company." Doc. #22, Ex. 1. Defendant Sharon Chu ("Chu" collectively with Muharib, "Defendants") also signed the Agreement as the "Indemnitor." *Id.* Chu is Muharib's spouse. Doc. #23 at 2. Plaintiff asserts that as the Producer, Muharib agreed to be "solely responsible for the satisfaction of bond forfeitures [to Plaintiff], negotiations on bond

settlement and/or satisfaction of claims by bond principals, courts and/or others, and any and all other matters of bond administration" supplied by Plaintiff. Doc. #22 at 3; *see also* Doc. #22, Ex. 1 ¶ 8. Plaintiff claims that as Indemnitor, Chu "agreed to indemnify Plaintiff from any debt obligations Muharib incurred under the . . . Agreement. Further, Chu unconditionally guaranteed Muharib's performance of the . . . Agreement and agreed to be bound to the same obligations as Muharib." Doc. #22 at 3 (citations omitted); *see also* Doc. #22, Ex. 1 at 1, 6. Defendants also agreed to indemnify Plaintiff for any and all liability and for all reasonable costs and expenses that Plaintiff might incur in connection with Muharib's performance of his bail bond business. Doc. #22, Ex. 1 ¶ 16. Plaintiff and Defendants entered three subsequent addendums to the Agreement in 2020, 2021, and 2022. *See* Doc. #22, Exs. 2, 3, 4. In August 2022, Plaintiff terminated the Agreement with Defendants via letter, stating that the termination was due, but not limited to, Defendants' "failure to remit [p]remiums and [build-up funds] per the terms of the Agreement." Doc. #22, Ex. 5. The termination letter then states,

> As you are aware, you and/or your company have submitted numerous checks to United States Fire Insurance Company that have failed to clear your bank. The checks were returned as "Non-Sufficient Funds [("NSF")]." You have been notified of the NSF checks and have failed to supply the required funds to clear the deficiencies.

*Id.*

On November 28, 2022, Plaintiff sued Defendants for breach of contract, breach of fiduciary duty, and indemnification. Plaintiff also seeks attorneys' fees, costs, and pre- and post-judgment interest. Doc. #1. On February 29, 2024, Plaintiff filed the Amended Motion for Summary Judgment that is before the Court.

## II.   Legal Standard: Federal Rule of Civil Procedure 56

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." FED. R.

2

CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial. All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (cleaned up). Self-serving affidavits and declarations are sufficient to create a genuine issue of material fact so long as the statements are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021).

### III. Analysis

#### a. Breach of Contract

First, Plaintiff contends that Defendants breached the Agreement "by, among other things, failing to pay bond forfeiture judgments and failing to indemnify Plaintiff for payment of the bond forfeiture judgments." Doc. #22 at 7. In their Response, Defendants do not directly address Plaintiff's breach of contract claim, but instead they debate whether Plaintiff submitted authentic and competent summary judgment evidence. Doc. #23 at 3–5. Nonetheless, as the movant, Plaintiff bears the initial burden to demonstrate that there is no genuine issue of material fact in the record before the Court. Here, Plaintiff fails to meet its burden.

A breach of contract claim requires a showing of: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Other than stating

that Plaintiff "submitted a number of documents, including purported contracts," Defendants do not explicitly dispute the validity of the Agreement. Doc. #23 at 4. The Court's review of the Agreement and the addendums thereto suggests that a valid contract exists. *See* Doc. #22, Exs. 1, 2, 3, 4. As such, the first element is satisfied.

Nevertheless, Plaintiff fails to submit sufficient evidence demonstrating its performance or tendered performance under the Agreement. To support the second element of its claim, Plaintiff states, "Moreover, the evidence fully establishes that U.S. Fire fully performed its obligations under the . . . Agreement by providing bail bond powers to Muharib." Doc. #22 at 7. To substantiate this assertion, Plaintiff cites line twenty-four on page twenty-eight through line two on page twenty-nine of Muharib's deposition. *See id.* (citing Doc. #22, Ex. 8). Although page twenty-eight, line twenty-four is included in the exhibit, Plaintiff failed to include page twenty-nine. *See* Doc. #22, Ex. 8. As such, the only evidence that Plaintiff relies on to show that it performed its obligations under the Agreement is:

```
24        Q.   (BY MR. IRELAN)   Sure.  Did US Fire provide you
25   with bail bond powers of attorney to use in your bail
```

*Id.* A partial question by Plaintiff's counsel during a deposition hardly qualifies as sufficient summary judgment evidence proving that Plaintiff fulfilled its obligations under the Agreement. Plaintiff also filed an exhibit that purportedly shows a summary of voluminous records of bonds. *See* Doc. #22 at 2; Doc. #22, Ex. 7. In its Motion, Plaintiff suggests that this summary reflects the bonds that it has paid to discharge bond forfeiture judgments arising from bonds Muharib wrote. *See* Doc. #22 at 6. However, there is no sworn affidavit or declaration authenticating that this summary reflects the forfeiture judgments for Muharib's bonds. Nor is there any indication on the face of the summary itself that relates these bond judgments to Muharib or his business, Online

Bonds. *See* Doc. #22, Ex. 7. Accordingly, the Court finds that there is insufficient evidence showing that no genuine dispute of material fact exists as to whether Plaintiff performed or tendered performance for a breach of contract claim.[1] Therefore, Plaintiff's Amended Motion for Summary Judgment is denied as to its breach of contract claim.

b. **Breach of Fiduciary Duty**

Next, Plaintiff asserts that Muharib breached its fiduciary duty to pay the bond forfeiture judgments on bonds that he wrote, to "maintain all files and records," and to return bond powers he held in trust for Plaintiff upon termination of the Agreement. Doc. #22 at 9. As to Chu, Plaintiff contends that as Indemnitor, she "is equally obligated to pay U.S. Fire for its losses from Muharib's breach of his fiduciary duty." *Id.* at 10. Although Defendants agree that Muharib was Plaintiff's agent pursuant to the Agreement, they dispute whether paying bond forfeiture judgments or returning bond powers qualifies as a fiduciary duty. Doc. #23 at 5.

"[T]he elements of a breach of fiduciary duty claim are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). As noted, Defendants concede that a fiduciary duty existed, therefore the first element of Plaintiff's claim is met. *See* Doc. #23 at 5. However, there is insufficient evidence proving that Defendants breached their duties. First, Plaintiff asserts that Defendants breached their fiduciary duties by failing to pay bond forfeiture judgments on bonds Muharib wrote, which subjected Plaintiff "to potential suspension of its right to conduct business in Harris County, Texas." Doc. #22 at 9. But Plaintiff fails to cite to any

---

[1] Although the Court's finding that Plaintiff's lack of evidence proving the second element of its breach of contract claim is enough on its own to deny the Amended Motion for Summary Judgment, for the sake of completeness, the Court notes that questions of fact also remain as to whether Defendants breached the Agreement and what damages, if any, Plaintiff is entitled to.

5

record evidence to support its assertion. *See id.* Next, Plaintiff states that Muharib's failure to "maintain all files and records" was a breach of Defendants' fiduciary duties. *Id.* In support, Plaintiff cites to a portion of Muharib's deposition wherein Muharib is asked about language in the Agreement that states that he has a fiduciary duty to maintain all files and records, including applications and contracts from bail bonds. Doc. #22, Ex. 8 at 33–34. Plaintiff's counsel then asks, "And could we expect to see a bail bond application in each and every bail bond file that you wrote?" to which Muharib replies, "No, sir." *Id.* at 34:22–25. Plaintiff contends that Muharib's admission that bail bond applications will not be found in each and every bail bond file proves that Muharib breached his fiduciary duty. But the language in the Agreement requires that Muharib *maintain* those files and records, not that he keeps each application in the bail bond file. *See id.* at 33–34. As such, fact questions remain as to whether Defendants breached their fiduciary duty and caused Plaintiff to incur damages. Accordingly, Plaintiff's Motion for Summary Judgment is denied as to its breach of fiduciary duty claim.

    c.  **Failure to Indemnify**

Finally, Plaintiff asserts that pursuant to the Agreement, it has a cause of action against Defendants for failing to indemnify it. Doc. #22 at 10 (citing *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993)). Defendants do not address this argument in their Response. *See* Doc. #23. Under Texas law, an indemnitee has a right to sue pursuant to a liability indemnity agreement when "liability becomes 'fixed and certain, as by rendition of a judgment, whether or not the indemnitee has yet suffered actual damages, as by payment of a judgment.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 389 (5th Cir. 2007) (quoting *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999)). It is undisputed that the Agreement contains a liability indemnity agreement. *See* Doc. #22, Ex. 1 ¶ 16.

However, a fact question remains regarding whether the indemnity provision has been triggered. Plaintiff reiterates that it paid and has not been indemnified for bond forfeiture judgments totaling $2,099,173.74. Doc. #22 at 11. To support this assertion, Plaintiff cites to the unsworn declaration of its vice president (Doc. #22, Ex. 6) and to the spreadsheet that purportedly summarizes the bonds that Plaintiff has paid to discharge bond forfeiture judgments arising from bonds Muharib wrote (Doc. #22, Ex. 7). Doc. #22 at 11. The Court finds that the declaration of Plaintiff's vice president is not competent summary judgment evidence. First, the declaration is titled, "Unsworn Declaration of Michael Padilla," which in and of itself is not proper for summary judgment purposes. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001) ("The employee's statement, however, is unsworn, and therefore is not competent summary judgment evidence because it does not comply with the requirements of Federal Rule of Civil Procedure 56(e)."). Moreover, Defendants assert that the declaration is not a true and correct copy because there is missing text on the second page of the declaration and the font style and size are not the same on each page of the declaration. Doc. #23 at 4. Plaintiff concedes that "one line of text was unintentionally omitted" from the exhibit filed with the Court, which suggests that the declaration is not a true and correct copy of the one written and signed by Michael Padilla. Doc. #24 at 3. Thus, the declaration is not proper summary judgment evidence. As such, the only evidence to trigger the indemnity provision is the summary of bond records, which the Court has already determined lacks the proper authentication or any indication that those bonds were paid on behalf of Muharib or his company, Online Bonds. *See* Doc. #22, Ex. 7; *see also supra* Section III(a). Accordingly, Plaintiff's Motion for Summary Judgment is denied as to its indemnification claim.

### d. Attorneys' Fees and Interests

In light of the Court's rulings on Plaintiff's causes of action, the Court will defer ruling on attorneys' fees and interests until the conclusion of this matter.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Amended Motion for Summary Judgment (Doc. #22).

It is so ORDERED.

JUN 1 8 2024
Date

The Honorable Alfred H. Bennett
United States District Judge