IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-CV-04121 |
| ANTHONY S. MUHARIB, INDIVIDUALLY AND DOING BUSINESS AS ONLINE BONDS, AND SHARON CHU, | § § § § § § | Judge Alfred Bennett |
| Defendants. | § § | |

**<u>DEFENDANT SHARON CHU'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO SEVER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sharon Chu ("Chu") submits this Response in Opposition to Plaintiff's Motion to Sever Civil Claims Between Defendants, and in support thereof would show.

### I.     Summary of Argument

1.     Plaintiff's motion to sever claims should be denied because Plaintiff is attempting to violate Texas' one-satisfaction rule. Plaintiff's motion is intentionally misleading. While Plaintiff claims that it is precluded from pursuing its claims against Defendant Muharib because of his pending bankruptcy case; Plaintiff wholly fails to disclose that on December 30, 2024, it filed an adversary proceeding against Defendant Muharib in the Unted States Bankruptcy Court in which it is pursuing claims against Defendant Muharib for the same economic injury as in this case and seeking to have those claims declared nondischargeable. *See* Case No. 24-03276; *United States Fre Insurance Company v. Anthony Muharib*; In the United States Bankruptcy Court, Southern District, Houston Division). Plaintiff wholly fails to explain how pursuing claims for the

1

same injury in two courts at the same time is convenient, avoids prejudice, or promotes judicial economy. Accordingly, Plaintiff's motion to sever claims should be denied.

## II. Background

2. Plaintiff is an insurance company which acts as a surety on bail bonds for the release of criminal defendants from custody. Plaintiff conducts its bail bond business through a number of agents. Generally, each agent signs a written contract with the insurance company setting forth financial and other terms and conditions under which the agent is to operate. One financial requirement of every contract is that the agent is supposed to pay all final judgments arising from the forfeiture of bail bonds executed by the agent.

3. Defendant Muharib entered into a contract with Plaintiff for Muharib to execute bail bonds as an agent of Plaintiff. Defendant Chu was Defendant Muharib's spouse at the time Defendant Muharib entered the contract with Plaintiff. Defendant Chu signed a contract agreeing to indemnify Plaintiff for the payment of any final judgments Defendant Muharib failed to pay.

4. Some of the bail bonds executed by Defendant Muharib, as an agent for the Plaintiff, were ordered forfeited and resulted in the entry of final judgements of forfeiture. Plaintiff paid some of those final judgments.

5. On November 28, 2022, Plaintiff filed its Original Complaint against Defendant Muharib and Defendant Chu. (Dkt. 1).

6. On December 19, 2022, Plaintiff filed its First Amended Complaint ("FAC") against the Defendants. (Dkt. 6). In that complaint, Plaintiff asserted causes of action for: a) breach of contract, b) indemnification, and c) breach of fiduciary duty.

7. On January 30, 2023, Defendant Muharib and Defendant Chu each filed their Affirmative Defenses and Answers to Plaintiff's FAC. (Dkt. 7 & 8).

8. On June 20, 2024, Defendant Muharib and Defendant Chu each filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the Southern District of Texas, Houston, Division.

9. Defendant Chu's case (Case No. 24-32845) was dismissed.

10. Defendant Muharib's case (Case No. 24-32843) is pending. On December 30, 2024, Plaintiff filed an adversary complaint (Case No. 24-03276) against Defendant Muharib asserting claims for the same economic injury as the claims in this case.

### III. Argument and Authorities

11. "Texas's one-satisfaction rule provides that 'a plaintiff is entitled to only one recovery for any damages suffered.'" *GE Capital Commercial, Inc. v. Worthington Nat'l. Bank*, 754 F.3d 297, 304 (5th Cir. 2014) (*citing Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000)).

12. Thew one-satisfaction rule applies in both those situations where several defendants commit the same act and where the defendants commit technically different acts that result in the same injury. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 508 (5th Cir. 2014) (*citing Crown Life Ins. Co.*, 22 S.W.3d at 390 (Tex. 2000)).

13. If there is only one injury, even if it is based on several overlapping and varied theories of liability, a plaintiff will only be permitted one recovery. *Id.* (*citing Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991).

14. "It is well settled that an injured party may sue and proceed to judgment against all joint tortfeasors together, or any number less than all, or each one separately *in successive suits*; and that an unsatisfied judgment recovered against one of them will not operate as a bar to an action against another; provided, however, the plaintiff may finally satisfy only one judgment."

*Hadizamani v. Rollins*, No. 14-23-00441-CV, 2024 Tex. App. LEXIS 6450, *13 (Tex. App.—Houston [14th Dist.] Aug. 29, 2024) (emphasis added) (citing *Krobar Drilling, L.L.C. v. Ormiston*, 426 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see also Bentley v. Halliburton*, 174 F.2d 788, 791 (5th Cir. 1949); *T.L. James & Co., Inc. v. Statham,* 558 S.W.2d 865 (Tex. 1977).

15. Here, there should be no doubt that Plaintiff is seeking claims against Defendant Muharib and Defendant Chu under different theories for the same injury (unpaid judgments of forfeiture).

16. Defendant Chu's liability, if at all, arises from only if Defendant Muharib is liable to Plaintiff. Defendant Muharib is in the best position to defend Plaintiff's claims against him.

17. Plaintiff is currently pursuing its claims against Defendant Muharib in U.S. Bankruptcy Court in the pending adversary proceeding. (Case No. 24-03276).

18. Adversary proceedings are generally prosecuted and resolved in a much faster manner than civil matters in district court.

19. The one-satisfaction rule provides for successive suits, not simultaneous suits.

20. Moreover, even if simultaneous actions were allowed, such action would not be convenient, avoid prejudice, or promote judicial economy. On the contrary, such action would result in the duplication of effort for the parties, counsel, and the courts.

21. Plaintiff has chosen its path. Accordingly, this Court should allow Plaintiff to continue to pursue its claims against Defendant Muharib in U.S. Bankruptcy Court and take no action in this case until Plaintiff's claims against Defendant Muharib are finally resolved.

22. For all of the foregoing reasons, Defendant Sharon Chu requests this Court enter an Order denying Plaintiff's Motion to Sever Claims Against the Defendants.

## IV. Prayer

23. For all of the foregoing reasons, Defendant Sharon Chu requests this Court enter an Order denying Plaintiff's Motion to Sever Claims Against the Defendants and for such other and further relief as she may be justly entitled.

Date: March 4, 2025.　　　　　　　　　　Respectfully submitted,

**MARK A. FONT, P.C.**

By: _/s/ Mark Font_____
　　Mark A. Font
　　State Bar No: 07216000
　　Federal Bar No: 6468
16107 Kensington Dr. #265
Sugar Land, Texas 77479
Telephone: 281-635-4830
E-Mail: markfontlaw@gmail.com

**ATTORNEY FOR DEFENDANT SHARON CHU**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF, certified mail-return receipt requested, electronic mail, and/or facsimile on this 5th day of March, 2025, to the following counsel of record:

Bradford W. Irelan
Irelan McDaniel, P.L.L.C.
2520 Caroline St., 2nd Floor
Houston, Texas 77004

_/s/ Mark Font_____
Mark A. Font